UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-81235-Civ-Middlebrooks/Brannon

KEVIN JONES, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

MOLLIE KALLEN CASE MANAGEMENT INC.,
a Florida Corporation, and
MOLLIE KALLEN, individually,

    Defendants.
_____/

## JOINT DISCOVERY PLAN

Plaintiffs, KEVIN JONES, and Defendants, MOLLIE KALLEN CASE MANAGEMENT INC. and MOLLIE KALLEN, by and through the undersigned counsel and pursuant to the Court's November 30, 2017 Pretrial Scheduling Order [D.E. #8], hereby submit their Joint Discovery Plan:

**(1)    Estimated Valuation of the Case**

Plaintiff:

As set forth in Plaintiff's Statement of Claim [D.E. #11], Plaintiff is seeking the recovery unpaid overtime wages in Count I of the Complaint of approximately $8,653.85 on a half-time basis [20 Unpaid OT hours/week x $7.21/hour x 60 weeks = $8,653.85], or alternatively $38,942.31 on a time and one-half basis [20 Unpaid OT hours/week x $32.45/hour x 60 weeks = $38,942.31], plus liquidated damages in an amount equal to Plaintiff's unpaid overtime and all reasonable attorneys' fees and costs from Defendants pursuant to 29 U.S.C. §216(b). In addition, in Count II of the Complaint, pursuant to 26 U.S.C. §7434, Plaintiff is seeking the recovery of damages for alleged tax fraud by Defendants in an amount which is the greater of (a) $5,000.00; or (b) the actual damages sustained by Plaintiff as a proximate sum result of Defendants' filing of fraudulent information returns, plus costs and attorneys' fees under §7434(b)(2)-(3).

        Defendants:    Zero.

**(2) Date for exchanging initial disclosures pursuant to Rule 26(a)(1)**

The parties agree to exchange Initial Disclosures by Friday, December 22, 2017.

**(3) Subjects on which Discovery is Needed**

Plaintiffs and Defendants agree that Discovery is needed on liability and damages, including but not limited the following subjects: whether Plaintiff was an "employee" or an "independent contractor" of either Defendant; the number of hours Plaintiff worked each week for Defendants between November 2014 and March 2016; whether Defendant (if determined to be an employee) was exempt; the method and amounts of compensation Defendants paid Plaintiff each week; how much, if any, unpaid overtime compensation Plaintiff is owed from Defendants; whether Mollie Kallen is an employer of Plaintiff under the FLSA, 29 U.S.C. §203(d); whether Defendants can establish subjective and objective good faith to avoid the imposition of liquidated damages under 29 U.S.C. §216(b); whether Defendants fraudulently issued 1099 Form(s) instead of W-2 Forms to Plaintiff for the years 2014, 2015, and/or 2016 in violation of 26 U.S.C. §7434; and the amount of Plaintiff's damages, if any, under §7434.

**(4) Whether the Parties can Agree to Limit Discovery on Particular Issues through Stipulation**

None at this time.

**(5) What Document Discovery is Needed**

Plaintiff contends that document discovery relating to Defendants' (a) hiring, management, compensation, and tracking of hours worked of Plaintiff and other current and former non-exempt employees, however variously titled, who have worked for Defendants in one or more weeks between November 2014 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week during one or more work weeks within the three (3) year statute of limitations period; (b) Defendants' business relationships with customers/vendors that relate to duties Plaintiff performed for Defendants; (c) independent contractor agreement(s); (d) the Corporate Defendant's revenues, expenses, goods and materials with respect to enterprise coverage under the FLSA; and (e) Defendants' insurance policies, licenses, ownership, and financial management.  Defendants object to some or all of the above.

Defendants contend that document discovery is needed regarding the amount of

time Plaintiff spent on services for Defendant Mollie Kallen Case Management, Inc. and the nature of such services.  Defendants also will request documentation as to Plaintiff's physical and mental health and whether the foregoing impacted the amount of time allegedly spent on services for the corporate defendant. Further, Defendants will seek all documents (including any emails or text messages between the parties).  Finally, Defendants will request all pertinent electronically stored information in the possession on Plaintiff.

**(6)    Whether Discovery should be Conducted in Phases**

The parties do not believe discovery should be conducted in phases.

**(7)    Whether the Parties expect to have Disclosure, Discovery, or Preservation of Electronically Stored Information**

(a)    Main Information and Documents Sought

The parties agree that electronically stored information, such as e-mails, compensation records, and other business records which are maintained in the ordinary course of business in electronic format, will be produced in one of the following methods:  (a) on a CD, flash drive, or other storage device in the format it is ordinarily kept; or (b) scanned in Portable Document Format (PDF).

(b)    Expected Costs of E-discovery

If either Plaintiff or Defendants request production in a specific, or other, format, the producing party will provide the ESI in that format subject to whether an agreement needs to be reached to address the cost of such production and who shall bear responsibility for that cost.

(c)    Alternatives to E-discovery

The parties anticipate that some of the information to be produced by Defendant may include paper records.

**(8)    What Individuals Each Side Intends to Depose**

<u>Plaintiff</u>:

Plaintiff expects that individuals who will be deposed will include but will not necessarily be limited to: Mollie Kallen; Clients/Customers of Mollie Kallen Case Management Inc. with knowledge of the nature of the services provided by Defendants and Plaintiff's role and duties for Defendants; Corporate Representative(s) of Mollie Kallen Case Management Inc. with knowledge all IRS Forms 1099 and W-2 that were issued by or for Defendants to any

independent contractors and employees between 2014 and the present; Corporate Representative(s) of Mollie Kallen Case Management Inc. with knowledge of Defendant's gross receipts and expenses between January 1, 2014 and the present; Corporate Representative(s) of Mollie Kallen Case Management Inc. with knowledge of the goods and materials used, handled, or sold in Defendants' business between January 1, 2014 and the present; and (Corporate Representative(s) of Mollie Kallen Case Management Inc. with knowledge of the following topics for the time period between November 2014 and the present with respect to Plaintiff and Defendants' other employees: (a) their daily and weekly hours worked; (b) their titles, responsibilities and duties; (c) their job/client assignments; (d) the manner in which they've been compensated and the number of hours per week that any salaried or other wages were intended to compensate for working each week; (e) the time-keeping procedures, if any, utilized for recording the daily start times, stop times, and hours worked each day and week; (f) any meal break policies; (g) any time off policies; and (h) any limitations on what work could be performed and work rules from Defendants.

<u>Defendants</u>:

Defendants intend to depose Plaintiff, his adult family members, customers/clients and others with knowledge of Plaintiff's erratic work practices and hours spent. Defendants will also depose any individuals or entities disclosed through discovery.

**(9) Any Issues about Claims of Privilege or of Protection as Trial-Preparation Materials**

None at this time.

**(10) What Changes Should be Made in the Limitations on Discovery Imposed by the Federal Rules of Civil Procedure or the Local Rules**

None at this time.

**(11) Whether Early Mediation or a Settlement Conference with a Magistrate Judge prior to the Close of Discovery would be Helpful**

Plaintiff believes that an early Mediation or Settlement Conference would be of value in this matter. Defendants do not believe early Mediation or Settlement Conference would be helpful.

Respectfully submitted on the 11 day of December, 2017.

| | |
|---|---|
| **s/KEITH M. STERN** | **s/KRISTIN M. AHR** |
| Keith M. Stern, Esquire | Kristin M. Ahr, Esq. |
| Florida Bar No. 321000 | E-mail:  kahr@broadandcassel.com |
| E-mail:  employlaw@keithstern.com | BROAD AND CASSEL LLP |
| Hazel Solis Rojas, Esquire | One North Clematis Street, Suite 500 |
| Florida Bar No. 91663 | West Palm Beach, Florida 33401 |
| E-mail:  hsolis@workingforyou.com | Attorneys for Defendants |
| LAW OFFICE OF KEITH M. STERN, P.A. | |
| One Flagler | |
| 14 NE 1st Avenue, Suite 800 | |
| Miami, Florida 33132 | |
| Telephone:  (305) 901-1379 | |
| Facsimile:  (561) 288-9031 | |
| Attorney for Plaintiff | |